In the Matter of Brian
D. SALWOWSKI.

No. 49S00–0301–DI–12.

Supreme Court of Indiana.

Dec. 23, 2004.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count I, the parties agree that the respondent represented a furniture store in its bankruptcy for an agreed fee of $1,500, although an internal firm memoranda indicated he was billing at $125 an hour, Respondent filed the action without listing his employer's law firm as a "pre-petition" creditor (the furniture business owed the firm for prior legal services provided to it). Despite the fact that the client's pre-petition debt to the law firm was protected from further collection once final discharge in bankruptcy was granted, the outstanding bills were ordered transferred to the client's bankruptcy billing statement by the firm's named partner. The respondent later sued the client in small claims court for the outstanding balance, although the claim was later dismissed due to the law firm's failure to appear for trial.

Under Count II, the parties agree that the respondent never communicated to a client a clear understanding of how his fee for services would be calculated, including a failure to reduce contingency fee agreements to writing. He also failed to properly advise his client of the handling of sums collected on her behalf.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.5(b), which requires a lawyer to communicate to a client the basis or rate of the lawyer's fee; Prof.Cond.R. 1.5(c), which requires that a lawyer's contingent fee agreement and distributions of the funds be in writing; Prof. Cond.R. 3.1, which prohibits a lawyer from bringing an action that is without merit; and Prof.Cond.R. 5.3(b), which requires a lawyer to oversee non-lawyer staff to insure their conduct is compatible with the lawyer's professional obligations;

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. In accepting the agreement, we particularly notes the mitigating circumstances presented by the parties: that the misconduct occurred while respondent was an associate under the direction of a senior partner, that the events constituting the misconduct occurred some eight years ago, that respondent has cooperated with the Disciplinary Commission in its investigation and that respondent has established a good professional record since these events. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.